Okay, Mr. Herman. May it please the Court. The issue in this case this morning is whether the term crime of violence, for sentencing enhancement purposes, encompasses crimes with a negligence mens rea. This case arises under the Guideline Section 2L1.2 and its enhancement for a crime of violence. That section and its commentary defines a crime of violence to include a forcible sex offense, and in turn the Commission has refined that definition further to say that a forcible sex offense includes those offenses where there is no consent or where consent is legally invalid because it is incompetent, involuntary, or coerced. In this case, the district court imposed a 16-level enhancement under those provisions in Mr. Alay's sentencing because of his prior California conviction for rape. The California statute criminalizes sexual intercourse under certain specific circumstances, and the conviction documents show that Mr. Alay was convicted under a provision that criminalizes sexual intercourse when the victim is prevented from resisting by intoxication and the defendant either knew or should have known of that condition. The California courts have given a specific interpretation on several important points. First, although the statute talks about resisting in its terms, the California courts have said that neither resistance nor force is an element of this offense. The California courts have also said that consent is not an element, that consent in that sense is irrelevant. Instead, the California courts have identified the elements as being two parts. First, the incapacity of the victim due to intoxication, and second, the defendant's mens rea. And on that point, the California courts have recognized that there's a two-part mens rea as well. There's a general intent, and that goes to just the act of the sexual intercourse, which is not by itself a criminal act. The second mens rea, though, that's been recognized goes to the capacity or incapacity of the victim in this case. And that mens rea the California courts have recognized is either knowledge or negligence. As the court stated in Linwood, that negligence standard is one of an objective reasonableness. In other words, a negligence standard itself. Mr. Allais is asserting four basic reasons for the court to hold that the term crime of violence, as used in the guidelines, does not encompass negligently committed offenses. LAICAL, BEGAY, the model penal code, and other decisions of this court on crimes of violence under the enumerated offenses. LAICAL is the most important, the fundamental purpose, the fundamental reason here. And that's because in that decision, the Supreme Court decided that the term crime of violence imported more than just a negligent mens rea or accidental conduct. It's true that there the court was deciding for purposes of Section 16 whether the use of force or substantial risk of use of force was sufficient to be a crime of violence. But in reaching its conclusion, the Supreme Court said that it had to interpret those terms in light of the ultimate term that was being decided, crime of violence. And that's where the Supreme Court said that negligence and accidental conduct are excluded or should be excluded, because that's not what Congress intended. The Supreme Court then carried that forward in BEGAY, applying LAICAL's analysis and applying the same standard to hold that negligent conduct is not reached under the Armed Career Criminal Act through the term violent felonies, applying that same reasoning. The model penal code also offers a model, not because this court has to look to it to determine a generic definition, but because it shows the general status of these types of offenses. And whether it's in terms of the model penal code statute on rape or gross sexual imposition or sexual assault, all of those offenses that combine a sexual offense with incapacity look to at least a mens rea of knowledge, but not negligence. And then finally, this Court has issued a number of decisions under other enumerated offenses where the Court has held that negligence is not included within the generic meaning of those offenses, whether that might be manslaughter, as opposed to criminally negligent homicide or aggravated assault. But the import of all four of these, and especially sources and especially of LAICAL, is that negligence is not a crime of violence. Help me with something on this. It seems to me LAICAL is dealing with the general definition of crimes of violence, any offense under Federal State law that has an element to use, attempt to use, threaten use of physical force. So that's the 16A definition close to the guideline definition. So that seems to me the general, LAICAL is responding to the need for some rigor in looking at the general definition. But the same document, the guidelines, gives us a specific definition, the forcible sex offense is where consent to the conduct is not, and you know what the definition is. Is that a rule that's in play here under interpretation, that when we're looking at forcible sex offense, we're not under 16A in the general definition in LAICAL's concern about making sure that there's some integrity or some rigor in applying that general definition, and then we're looking at the specific for this crime? Where am I? You don't need to use the word astray, but where am I going astray? Your Honor, LAICAL, it did focus on section 16. That's true. But what the Supreme Court said was that in construing both parts of section 16, we cannot forget that we ultimately are determining the meaning of the term crime of violence, and that that suggests a category of violent active crimes that cannot naturally or cannot be said naturally to include these negligently committed offenses. So the Supreme Court, under the statute, was doing so in the context and for the purpose of interpreting crime of violence generally. Kennedy. They weren't saying, excuse me, but the Court wasn't saying there was any sort of constitutional dimension to this, was there, that a crime of violence can't be something else? So if the Guidelines reasonably interpreted make it something else in a specific category, that wouldn't violate anything in LAICAL, it seems to me. That's true, Your Honor. I'm not arguing that LAICAL sets a constitutional dimension. You didn't say that. I don't want to imply you did, but go ahead. But it's simply in terms of the definition, a statutory definition of the term crime of violence and how that has played through in the Supreme Court's subsequent decisions like Begay, but specifically with regard to this Guideline provision. First of all, if we look at the Guideline itself and the use of the term crime of violence, we look at the definition that it gives in the commentary, which lists out the enumerated offenses, and we look at the text of the amendment that adopted the parenthetical that added that terminology about legally invalid consent. None of those addresses the issue of the appropriate mens rea. Even looking more carefully at the text of the amendment language, the Commission made it clear that it was providing that parenthetical to adopt a position contrary to this Circuit's reasoning in cases like Sarmiento-Funes and Luciano-Rodriguez. And the main issue in those cases and what this Commission said it was overturning was this dichotomy between factual assent and legal consent. So they wanted to bridge that divide, but they certainly didn't address this issue of mens rea. And in fact, looking at the cases that are cited in the text of the language amendment or the amendment itself, they referred to knowledge as the mens rea that they were dealing with, for example, in Luciano-Rodriguez or in Sarmiento-Funes. So they didn't have the opportunity, weren't called upon to issue any sort of guidance about this issue of mens rea, but they certainly were, when they made the amendment, making that amendment in the context of Leocal. This amendment came into effect in November of 2008, and the Leocal decision preceded it by four years. This amendment also came into effect after Begay, which was decided in the early part of 2008, while this amendment was being formulated. So the Supreme Court's background was already there in terms of how to interpret a crime of violence, and the Guidelines and the Commission in all of these different acts with regard to 201.2 didn't have the opportunity or wasn't called upon to deal with this issue of mens rea. And that's why Mr. Allais is asking the Court to go back to these first principles like the Supreme Court did in Leocal and to look at the term that's being interpreted under the Guideline, which is crime of violence, and to interpret that term consistently with what the Supreme Court did in Leocal. And here it's clear that the California law, the specific subsection of intoxication rape, includes a pure negligence mens rea as the basis for the act that makes the act a crime, what constitutes the illegality. It's not with regard to any other portion of the act. The general intent goes to an act that is not in and of itself criminal, and it's the negligent act that rendered Mr. Allais' conviction a criminal act in this case. So for all of these reasons, Your Honor, we would ask the Court to vacate this sentence and remand to the district court for further proceedings. Roberts. All right. You've saved time for rebuttal. Thank you, Mr. Herman. I'm going to let you pronounce your name so that I don't mess it up. It's really a crazy last name. It's Berry, Your Honor. Berry. All right. Thank you. No, it isn't. I used to be Drake, and then — which was easy, but may it please the Court, Loretta Berry for the United States. California courts reject Lay's overbreath argument that rape of an intoxicated person can be committed by mere negligence as to the victim's inability to legally consent. The Linwood case is still the current law in California on rape of an intoxicated person, and that case recognizes that rape of an intoxicated person is a general intent crime. It's an intentional act that cannot be committed by mere negligence. This distinguishes this statute from the offenses upon which a lay relies, such as Leocal and Begay. Those cases were driving under the influence. It also distinguishes the case cited in their brief, criminally negligent homicide. Those cases, those offenses can be committed by mere negligence, whereas this statute, the California courts have been very clear that it cannot be committed by mere negligence. The knowledge requirement that the defendant knew or reasonably should have known that the victim was too intoxicated to give legal consent requires actual knowledge or constructive knowledge. At page 71 and 72 of the opinion, note 6, the Court discusses that perhaps that's an they are not relying on a civil negligence standard. They're not saying that it can be committed by mere negligence or carelessness. The Court is very careful to note that it's an objective test, whether a reasonable person should have known that the victim was too intoxicated to give legal consent, such as by slurred words or unsteadiness. And it is crucial to remember, Your Honors, that a lay pleaded guilty to this offense. He did not put the state to its burden of proof on this element. And he did not argue to the fact finder that he reasonably believed the victim was capable of giving legal consent. And this defeats his over-breath argument as to the facts as applied in his case. Moreover, a lay fails to cite to any California case that upholds rape of an intoxicated person based upon mere negligence of the victim's inability to consent. This is also fatal to his over-breath argument. If there's any questions, I would respectfully request that the Court affirm the judgment. All right. Thank you, Ms. Berry. Thank you. Mr. Herman, you've saved time for rebuttal. Your Honor, our main disagreement will be with the government's characterization of the California cases. The California cases that we cite show very clearly that negligence is the basis of a two-part mens rea in this statute, one, general intent to engage in sexual intercourse, two, negligence with respect to the capacity of the victim. Are you going to address Linwood in particular? I'm sorry, Your Honor? Are you going to address Linwood in particular? Yes, Your Honor. Okay. Linwood dealt exactly with a challenge to this incorporation of a negligence standard. And the defendant in that case had argued that the negligence standard was overbroad and vague and was unconstitutional. Linwood was exactly upholding this standard, saying that a reasonableness standard is well recognized within the law and that there's no due process concern with including as a criminal, as a basis for a criminal conviction, a standard that focuses on an objective standard of whether the defendant knew or should have known. That's the language that's used. There's no heightened negligence standard, and that's why Dominguez-Ochoa, this Court's decision about criminally negligent homicide in Texas is also important. There's no indication in Linwood that there's some form of heightened standard. Instead, what the Court is looking at is simply a standard that focuses on whether the defendant knew or reasonably should have known. The two other cases that are cited, Giardino and Braslaw, both involve issues related to the instructions that were given. And in both cases, the Court looked to this construction of consent and incapacity. And in those cases, the Court said that the important part, the instruction to which the defendant was entitled, was not an instruction about whether consent was present or not. It was an instruction about whether there was capacity or not and whether the defendant knew or should have known. That's why Braslaw and Giardino go into great detail about the issue of what constitutes a defense in these types of cases. And the defense is a reasonable belief, objectively speaking, in the capacity of the victim to give the consent. So all three of the cases deal exactly with this issue of what's the appropriate mens rea or mental standard to impose and whether that is what the defendant is being convicted of or not. So for all three of those, based on all three of those cases, Your Honor, we would argue it's clear that California law in this subsection does reach to a negligence mens rea. It's a general objective standard based on the reasonableness of the actions of the defendant. And for that reason, it's beyond the pale of the term crime of violence. All right. Thank you, Mr. Herman. Your case is under submission.